MATTER OF HEDRICK

In Visa Petition Proceedings

A-22711481

*Decided by Regional Commissioner September 16, 1980*

To qualify for the blanket labor certification as provided for in 20 C.F.R. 656.10(d)(2), the beneficiary must be qualified to enter or have qualified to enter the United States under section 101(a)(15)(L) of the Act, 8 U.S.C. 1101(a)(15)(L); and the requisite qualifying experience must have been with the international corporation while the beneficiary was outside of the United States and immediately preceding entry into the United States.

ON BEHALF OF PETITIONER: Thomas P. Ondeck, Esquire
Baker & McKenzie
815 Connecticut Avenue, N.W.
Washington, D.C. 20006

This matter is before me on appeal from the District Director's decision of December 10, 1979, denying the petition to classify the beneficiary as a financial executive under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6), as amended. The appeal will be dismissed.

The petitioner is an international corporation engaged in the manufacture and sale of metal-cutting equipment. It has some 184 offices and manufacturing facilities in 19 countries, annual sales in excess of $200 million, and approximately 4,100 employees. The beneficiary is a 44-year-old native and citizen of Canada who entered the United States in July 1972, as a nonimmigrant "H-1" temporary worker in order to work for the petitioner as a financial and administrative executive. He has been employed in that capacity continuously since that time. Previously, the beneficiary had been employed by the petitioner's Canadian affiliate from July 1969 to August 1971. From August 1971, until his entry into the United States on July 30, 1972, he served as the secretary-treasurer of a separate unrelated Canadian corporation. The instant petition was filed February 28, 1979.

Under section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(14), aliens seeking classification under section 203(a)(6)

of the Act are required to first obtain certification of the United States Department of Labor. In lieu of individual certification, the petitioner seeks to qualify the beneficiary under the blanket labor certification provisions of Schedule A, Group IV of 20 C.F.R. section 656.10(d) which provide for the blanket certification of:

(1) Aliens who have been admitted to the United States in order to work, and who are currently working, in managerial, or executive positions with the same international corporations or organizations with which they were continuously employed for one year before they were admitted; and

(2) Aliens who will be engaged in the United States in managerial or executive positions with the same international corporations or organizations with which they have been continuously employed for the immediately prior year.

The District Director noted that under these provisions the alien must have been continuously employed for one year immediately prior to his admission to the United States by the same international corporation organization. The record shows, and the petitioner does not dispute, that the beneficiary was employed by an unrelated company for the year preceding his entry into the United States in 1972. Therefore, the District Director found that the beneficiary was ineligible for blanket labor certification under Schedule A, Group IV, and he denied the petition.

On appeal, the petitioner argues that under the literal wording of the second part of Schedule A, Group II (*i.e.*, 20 C.F.R. section 656.10(d)(2)) an alien need only have been continuously employed for the same international corporation for the year immediately prior to filing the petition, and not necessarily for the year immediately preceding the alien's entry into the United States. Under this interpretation the beneficiary would qualify for blanket labor certification by virtue of his continuous employment in the United States for the petitioner during the last 8 years. For the reasons which follow, I find that the District Director properly construed the regulation.

Schedule A, Group IV, is closely patterned after the statute relating to nonimmigrant "L-1" intra-company transferees, section 101(a)(15)(L) of the Act, with the exception that aliens having only "specialized knowledge" are *not* within the provisions of Schedule A, Group IV. The blanket labor certification of Schedule A, Group IV, includes only those aliens who have been admitted as managerial or executive L-1 intra-company transferees or who, except for the non-temporary need for their services in the United States, would qualify for managerial or executive L-1 status. This position is supported by the United States Department of Labor Operating Instructions Handbook, E.T. Handbook No. 656, Employment and Training Administration, pp. 656-A-81 and 82 (October 27, 1977), which states:

Documentation as to the qualification of aliens seeking labor certification under Group IV of Schedule A shall conform to that required by the Immigration and Naturaliza-

572

tion Service in support of petitions for issuance of L-visas (visas provided under the Act for intracompany transferees). This documentation is a statement by the U.S. employer describing the capacity in which the alien has been employed abroad and the capacity in which the alien will be employed in the United States. By definition of Group IV of Schedule A, the capacity of employment must be managerial or executive and the *overseas* employment must be, or have been, with the same international corporation or organization with which the alien was *continuously employed for one year before admission.* If the alien has not yet been admitted to the United States, the alien must be currently, and continuously for the immediately prior year have been, employed overseas by the same international corporation or organization in a managerial or executive position. (Emphasis supplied.)

With this background in mind, we turn to construction of 20 C.F.R. section 656.10(d), Schedule A, Group IV. Section 656.10(d)(1) ["Part (1)"] pertains to aliens "who have been admitted to the United States" whereas section 656.10(d)(2) ["Part (2)"] pertains to aliens "who will be engaged in the United States," (emphasis supplied), *i.e., aliens who are presently outside the United States and have not yet been admitted.* This explains why Part (1) contains the words "continuously employed for one year before they were admitted" and Part (2) states only "continuously employed for the immediately prior year." Aliens within Part (1) are already in the United States and therefore specific reference is made to their one year's employment outside the United States immediately prior to admission; however, aliens within Part (2) are still outside the United States and therefore, by necessary implication, their employment "for the immediately prior year" must also have taken place outside the United States. Accordingly, I hold that regardless of whether an alien is presently within or without the United States, in order for him to qualify for blanket labor certification under Schedule A, Group IV of 20 C.F.R. section 656.10(d) the alien must have been continuously employed abroad with the same international corporation or organization for one year immediately prior to his admission to the United States.

The beneficiary was employed abroad by a company unrelated to the petitioner for the year immediately prior to admission to the United States in 1972. Therefore, under the above standard, the beneficiary is ineligible for blanket labor certification under Schedule A, Group IV. Otherwise lacking a valid labor certification, he is likewise ineligible for classification as a sixth-preference immigrant under section 203(a)(6) of the Act. The District Director's decision to deny the petition was proper.

ORDER: The appeal is dismissed.